UNITED STATES DISTRICT COURT
EASTERN DISTRICT MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

              Plaintiff,                    Civil Case No. 18-CV-11698
                                         Hon. George Caram Steeh

v.

JOHN DOE subscriber assigned IP
Address 67.149.58.201,

              Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (Doc. 2)

Plaintiff Malibu Media filed this copyright infringement action against

Defendant, who is identified only by the Internet Protocol ("IP") address

67.149.58.201. Plaintiff alleges that Defendant downloaded Plaintiff's

copyrighted material without permission through BitTorrent, a file sharing

site. Now before the court is Plaintiff's Motion for Leave to Serve A Third

Party Subpoena Prior to a Rule 26(f) Conference (the "Motion") (Doc. 2).

"A party may not seek discovery from any source before the parties

have conferred as required by Rule 26(f), except in a proceeding exempted

from initial disclosure under Rule 26(a)(1)(B), or when authorized by these

rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). A number

of courts, including those in the Sixth Circuit, have applied a "good cause" standard to determine whether such discovery should be authorized. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 18-CV-10667, 2018 WL 1122012, at *1 (E.D. Mich. Mar. 1, 2018); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (collecting cases). In copyright infringement cases like the present one, courts routinely find good cause to permit discovery in advance of a Rule 26(f) conference to identify the defendants where: (1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; (4) there is a central need for the subpoenaed information; and (5) there is a minimal expectation of privacy on the part of the defendant. *See Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

Plaintiff has alleged a case of copyright infringement against an unidentified defendant. In order to proceed, Defendant must be identified. Accordingly, the court finds that good cause exists for Plaintiff to serve a third-party subpoena on Defendant's Internet Service Provider, WideOpenWest ("ISP").

Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference is GRANTED to the following extent:

1.      Plaintiff established that "good cause" exists for it to serve a third party subpoena on the ISP.  *See Malibu Media*, 2018 WL 1122012, at *1; *Arista Record*, 551 F. Supp. 2d at 6-7.

2.      Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint.  Plaintiff shall attach to any such subpoena a copy of this Order.

3.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

4.      If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons

(A)  who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

(B)  who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5.    Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.[1]

6.    Within seven days of service of the subpoena, the ISP shall reasonably attempt to identify John Doe and provide him or her with a copy of the subpoena and order.  If the ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of the particular IP address, it shall notify the court and Plaintiff's counsel.

7.    The ISP shall have twenty-one days from the service of the subpoena to move to quash or otherwise object to the subpoena.  Defendant shall have fourteen days from receipt of the subpoena from the ISP to move

---

[1] The court is fully aware of the numerous cases brought by this Plaintiff and other adult film copyright holders in this and other jurisdictions across the country.  While Plaintiff has fulfilled the requirements necessary to permit early discovery, the restrictions on that discovery noted herein are the court's attempt to protect against potentially abusive litigation tactics documented in similar cases.  *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 89–90 (E.D.N.Y.), *report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012) (documenting abusive litigation tactics on the part of plaintiffs).  While the court has no reason to suspect that Plaintiff here is engaged in these types of practices, the court will not be an instrument for such abuses and will not hesitate to impose sanctions on a party who is found to in fact be engaged in such practices.

to quash or otherwise object to the subpoena.  The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.  Where no motion is filed by either the ISP or Defendant within the time period provided herein, the ISP shall produce to Plaintiff the information identified above.

**IT IS  SO ORDERED.**


Dated:  June 12, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 12, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk